UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PAMELA D. UNDERDUE,

                   Plaintiff,               Civil No. 13-6225 (NLH)

     v.

                                          **OPINION**

COMMISSIONER OF SOCIAL
SECURITY,

                   Defendant.

_____

**APPEARANCES:**

Pamela D. Underdue
1048 Beideman Avenue
Camden, New Jersey 08105

     *Plaintiff Pro Se*

Tomasina DiGrigoli, Special
  Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza
Room 3904
New York, New York 10278-0004

     *Counsel for Defendant*

**HILLMAN, District Judge:**

    This matter comes before the Court <u>sua</u> <u>sponte</u> based upon

the failure of Plaintiff <u>Pro</u> <u>Se</u>, Pamela D. Underdue, to

prosecute pursuant to Federal Rule of Civil Procedure 41(b) and

1

Local Civil Rule 41.1(a).  For the reasons that follow,
Plaintiff's complaint will be dismissed with prejudice.

## I.   **JURISDICTION**

This matter comes before the Court pursuant to Section
205(g) of the Social Security Act, as amended, 42 U.S.C. §
405(g), to review the final decision of the Commissioner of the
Social Security Administration.  The statute provides that
"[a]ny individual, after any final decision of the Commissioner
of Social Security made after a hearing to which he was a party,
irrespective of the amount in controversy, may obtain a review
of such decision by a civil action . . . [.]  Such action shall
be brought in the district court of the United States for the
judicial district in which the plaintiff resides[.]"  42 U.S.C.
§ 405(g).

## II.   **BACKGROUND**

Plaintiff filed this matter on October 18, 2013, along with
a request to proceed in forma pauperis.  The Court granted
Plaintiff's request to proceed in forma pauperis and a summons
was issued on October 25, 2013, along with a letter from the
Clerk of the Court directing Plaintiff to complete a United
States Marshal form so that the Marshal could complete service
of process.  Plaintiff never provided the United States Marshal
with an address so that Defendant may be served with process,

2

and the summons was returned unexecuted on March 13, 2014.  The
Court thereafter entered a Notice of Call for dismissal based
upon Plaintiff's failure to prosecute this action, at which time
Plaintiff was advised that the case would be dismissed for lack
of prosecution pursuant to Local Civil Rule 41.1(a), unless
Plaintiff demonstrated good cause by affidavit what good faith
efforts to prosecute had been made.

Plaintiff responded to the Notice of Call for dismissal on
July 14, 2014 by requesting that the Court re-issue summons.
She did not explain what good faith efforts to prosecute the
matter had been made or what further efforts were intended.
Nonetheless, the Court re-issued summons, and Defendant was
thereafter served with process.  Defendant filed an Answer to
Plaintiff's complaint on September 22, 2014.

Since that time, Plaintiff has again failed to prosecute
this matter.  In particular, she did not comply with Local Civil
Rule 9.1(d), which required Plaintiff to file a statement within
fourteen days of the Commissioner's Answer setting forth her
primary contentions or arguments as to why she believes that she
is entitled to relief.  In addition, Plaintiff did not comply
with Local Civil Rule 9.1(e), which required her to file a brief
within seventy-five days of the Commissioner's Answer.

Despite Plaintiff's failure to litigate this case, the
Court provided Plaintiff one final opportunity to explain her

3

failure to prosecute this case in good faith, and to submit the briefing required under Local Civil Rule 9.1.  On June 17, 2015, the Court entered an Order requiring Plaintiff to submit to the Court within ten days an affidavit setting forth what good faith efforts to prosecute the matter have been made.  Plaintiff was also required to separately file a brief pursuant to Local Civil Rule 9.1(e) within ten days of the Order.  The June 17, 2015 Order expressly warned Plaintiff that if she failed to comply with the Order, her complaint would be dismissed for lack of prosecution.

III. **DISCUSSION**

     Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action when a plaintiff fails to prosecute her case or comply with the court rules or a court order.  Fed. R. Civ. P. 41(b).  Local Civil Rule 41.1(a) similarly provides that the Court must dismiss a case that has been pending for more than 120 days without any proceedings.  L. Civ. R. 41.1(a).

     Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868.

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under Poulis is unnecessary." McLaren v. N.J. Dept. of Educ., 462 F. App'x 148 (3d Cir. 2012); see also Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994). In this case, other than filing her complaint and requesting that summons be re-issued, Plaintiff has entirely failed to participate in this action. The Court nonetheless gave Plaintiff additional opportunities to litigate, but she has done nothing. In fact, Plaintiff has not submitted any filings to the Court in nearly one year. Plaintiff's conduct has thus made adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the Poulis factors support dismissal of Plaintiff's complaint at this time as Plaintiff has failed to comply with court orders and has failed to prosecute her case.

The Court specifically finds that the first Poulis factor, Plaintiff's personal responsibility, weighs in favor of

5

dismissal.  Plaintiff is acting pro se, and cannot attribute blame to counsel or anyone else for the failure to move this case forward.

The Court also finds that the prejudice to Defendant -- the second Poulis factor -- caused by Plaintiff's failure to litigate calls for dismissal of this action.  "Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal[.]'"  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal citation omitted).

The Court first finds that Defendant is prejudiced because of her inability to work toward a resolution of this matter in an early and amicable manner.  "To encourage early and amicable resolution of Social Security matters," L. Civ. R. 9.1(d) requires a plaintiff in a Social Security matter to file a statement setting forth her primary contentions as to why she is entitled to relief.  The defendant then must file a response, and if the parties agree on a resolution they may seek to voluntarily dismiss the matter.  Here, because of Plaintiff's failure to file a statement pursuant to L. Civ. R. 9.1(d), Defendant is unable to attempt to amicably resolve the matter.

Furthermore, because Plaintiff has not filed a brief in connection with her Social Security appeal, as required by L. Civ. R. 9.1(e)(1), the Court is unable to decide the appeal and

Defendant is unable to achieve a resolution of this matter on
the merits.  Plaintiff's conduct has wholly frustrated and
delayed the resolution of this case, and Defendant is prejudiced
by Plaintiff's continuing inaction.

With respect to the third <u>Poulis</u> factor, Plaintiff's
history of dilatoriness, Plaintiff failed on numerous occasions
to timely prosecute her case.  Plaintiff initially failed to
provide the United States Marshal with an address for Defendant
so that the Marshal could effect service of process.  Once the
summons were returned unexecuted, Plaintiff did nothing until
the Court entered a Notice of Call for dismissal.  Plaintiff at
that time indicated that she wished to proceed with her case,
but she did not comply with the Court's directive to explain her
good faith efforts to prosecute.  Nonetheless, the Court
provided Plaintiff with an additional opportunity to litigate,
but she once again failed to comply with a court order.  This
lack of court-ordered participation by Plaintiff demonstrates
that she is unable or unwilling to undertake the obligations of
her appeal at this time.

The Court also finds that the fourth <u>Poulis</u> factor,
willfulness of the conduct at issue, supports dismissal of this
action.  In so finding, the Court notes that "where the record
is unclear as to whether a party acted in bad faith, a
consistent failure to obey orders of the court, 'at the very

7

least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. Civ. A. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012)(quoting Martino v. Solaris Health Sys. Corp., No. Civ. A. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).  Here, Plaintiff has consistently failed to comply with court directives.  By letter dated October 25, 2013, Plaintiff was directed by the Clerk of the Court to complete United States Marshal forms, yet Plaintiff failed to do so. Thereafter, Plaintiff was directed in the Notice of Call for Dismissal to explain her good faith efforts to prosecute this matter, but she also failed to do so.  In the June 17, 2015 Order, Plaintiff was directed to submit within ten days an affidavit setting forth what good faith efforts to prosecute the matter have been made.  Plaintiff was also required to separately file a brief pursuant to Local Civil Rule 9.1(e) within ten days of the Order.  Plaintiff did not comply with these directives.  The Court finds Plaintiff's continued non-compliance to be willful and intentional, and the fourth Poulis factor supports dismissal.

The Court further finds that the fifth Poulis factor, "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions[,]" also supports dismissal of this case.  Poulis, 747 F.2d at 868-69.  "'The Third Circuit

has identified a number of alternative sanctions available to a court, including 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses.''" Hayes v. Nestor, No. Civ. A. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) (citations omitted).

Here, other than filing a complaint and providing an address for service of process, Plaintiff has done nothing to prosecute the case.  In light of Plaintiff's continued non-compliance with court orders and her failure to contact the Court in almost one year, it does not appear that Plaintiff intends to pursue her appeal in this Social Security matter. Plaintiff has been warned on two occasions that failing to participate in the litigation may result in the dismissal of her claims, but even these warnings did not prompt Plaintiff to prosecute her case.  Therefore, the Court finds that lesser sanctions would have no effect on Plaintiff's compliance with court orders, or her interest in litigating this case. See Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., No. Civ. A. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding that sanctions other than dismissal would be insufficient when defendant "demonstrated its complete neglect of its obligations as a litigant in this matter.").  The Court finds that the fifth Poulis factor thus weighs in favor of dismissal.

9

Finally, the Court is unable to determine the merits of this case, which is the sixth <u>Poulis</u> factor.  Other than filing a conclusory complaint, Plaintiff has not submitted a brief explaining why she believes that she is entitled to Social Security benefits.  At this time, there is an insufficient record for the Court to consider the merits of the case.  The sixth <u>Poulis</u> factor therefore neither weighs in favor of nor against dismissal.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, the Court finds that the six factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), on balance weigh in favor of dismissal, and it will therefore <u>sua sponte</u> dismiss the case at this time.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

Date: July 8, 2015

At Camden, New Jersey